## Commonwealth v. Di Franco, Alias Di Frank.

Robert T. Fox, District Attorney, and E. Le Roy Keen, Deputy District Attorney, for Commonwealth.

Oscar G. Wickersham, for defendant.

Fox, J., Oct. 21, 1929.—We have before us a petition for a rule to show cause why the search warrant should not be quashed and why evidence illegally obtained should not be suppressed and not used against the defendant in the trial.

The petition for the rule in substance sets forth that the petitioner is a resident of Harrisburg, Pennsylvania, residing at No. 431 Hay Avenue; that on Sept. 29, 1928, one Samuel Painter, an officer on the Harrisburg police force, and others, entered the defendant's home without first having obtained a search warrant as required by law and searched the petitioner's premises; that they there found a quantity of home brewed beer and in an alleyway, used in common with others then occupying other apartments in the same building, a small quantity of alleged moonshine liquor; that said liquor was not the property of the defendant and was not in his possession or under his control except the home brewed beer, which was brewed by the defendant for his own use and for the entertainment of friends at a christening of his child; that after having found said home brewed beer and said liquor, the aforesaid officer left the home of the defendant, went to the office of an alderman and secured a search warrant for the said premises; that the issuance of said search warrant was wholly illegal and in violation of law; and prays for a rule on the district attorney to show cause why the search warrant should not be quashed and why the evidence illegally obtained should not be suppressed and not used against the defendant or any other person in any criminal proceeding now pending or hereafter to be brought.

An answer was filed by the district attorney, which in substance admits the averments of the petition and sets forth that at the time the said officer entered the dwelling house at No. 431 Hay Avenue he was armed with a warrant for the arrest of the defendant charging sale and possession of intoxicat-

ing liquor; that the moonshine liquor was not found in an alleyway but in a separate outhouse or building; it is denied that seizure was made before the search warrant was obtained.

The said Officer Painter, called as a witness, testified that he had a warrant of arrest for the defendant and went to the residence of the defendant to serve the said warrant of arrest. Objection was made to this testimony as not being the best evidence, the warrant itself being the proper and best evidence. This objection should have been sustained. The warrant not having been offered in evidence and proved, this testimony of Officer Painter relating to the warrant of arrest must be stricken out. The officers entered the house, the defendant being absent therefrom, searched the domicile and seized the liquor and home brewed beer in question. Officer Painter, after the search and seizure, went to the alderman's office, made his affidavit and procured a search warrant, went back to the premises—the liquor still being in the possession of the officers who had accompanied him there—to execute the warrant of arrest and took the liquor and beer away. This was an unlawful search and seizure. In the absence of proper proof of having a warrant of arrest, the officers must appear as trespassers. They searched and seized as such, and subsequently a warrant to search and seize was procured. This was done to give an appearance of regularity to the act of search and seizure. Unlawful searches and seizures cannot be made lawful in this way. There was no authority for this search and seizure and the rule should, therefore, be made absolute.

And now, Oct. 21, 1929, upon due consideration, the rule is made absolute and the evidence unlawfully obtained is hereby suppressed.

From Homer L. Kreider, Harrisburg, Pa.